DAVID R. JOHNSON
djohnson@wthf.com
Nevada Bar No. 6696
JARED M. SECHRIST
jsechris@wthf.com
Nevada Bar No. 10439
WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
3993 Howard Hughes Parkway, Suite 400
Las Vegas, NV 89169
Telephone:   702-789-3100
Facsimile:   702-822-2650

Attorneys for Plaintiffs
Safeco Insurance Company of America
and Liberty Mutual Insurance Company

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts corporation; SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>ADAM R. LEWIS, an individual; DUSTY A. LEWIS, an individual; ADAM LEWIS GRADING & EXCAVATION, LLC, a Nevada limited liability company,<br><br>Defendants. | CASE NO.: 2:11-cv-01274<br><br>**DEFAULT JUDGMENT** |

The Court, having considered Plaintiffs Liberty Mutual Insurance Company's and Safeco Insurance Company of America's (collectively "Plaintiffs") Complaint against Defendants Adam R. Lewis, Dusty A. Lewis and Adam Lewis Grading & Excavation, LLC (collectively "Defendants"), the default entered against Defendants, and each of them, for failing to appear or otherwise respond to the Complaint despite proper service of same and the summons, and Plaintiffs' Application for Entry of Default Judgment against Defendants, including the accompanying Affidavit of J. Blake Wilcox ("Wilcox Affidavit") and all exhibits thereto, and the

LASVEGAS 12542.1 103083.012

supporting Memorandum of Points and Authorities, and the Court being fully advised of the premises, finds as follows:

1. Plaintiffs issued the bonds identified in Exhibits C – M (the "Bonds") to the Wilcox Affidavit on behalf of Wiser in the collective amount of $131,066,210.00 (performance bonds + payment bonds + license bond) in connection with which Plaintiffs have received and continue to receive claims.

2. Wiser Construction, LLC's declaration of bankruptcy and abandonment of its projects has required Plaintiffs' to complete a number of projects and pay a substantial number of claims. In connection with these claims, Plaintiffs have been and will continue to be sued by Wiser's subcontractors and suppliers seeking payment.

3. Plaintiffs have proven that they will incur the total amount of $20,981,028.00 to resolve all bonded obligations under the Bonds that they issued on behalf of Wiser and Defendants in connection with bonded projects.

4. As of October 31, 2011, Plaintiffs have paid $3,021,999.87 to investigate and resolve claims on the Bonds, which includes consultant and legal expenses investigating the status of the bonded projects and to investigate and resolve the claims and related litigation. As of this same date, Plaintiffs have received $278,581.99 from the Bond obligees. Thus, as of October 31, 2011, Plaintiffs have paid the net amount of $2,743,417.88 ($3,021,999.87 - $278,581) to resolve Bonded obligations as of October 31, 2011.

5. Under the terms of the Indemnity Agreements attached to the Wilcox Affidavit as Exhibits A and B, Defendants expressly agreed that an itemized summary of Plaintiffs' expenditures sworn to by an Officer of Plaintiffs, such as is contained in the Wilcox Affidavit, is *prima facie* evidence of the fact and amount of the loss, and Defendants' liability to Plaintiffs.

6. Plaintiffs have proven to this Court's satisfaction that they will continue to incur additional costs, expenses and attorneys' fees, in the amount of $20,981,028.00.00 for payments to complete the bonded projects, payments to subcontractors and suppliers, payments to Plaintiffs' own consultants and attorneys, and related expenses. Plaintiffs have proven to this Court's satisfaction that they will receive $10,756,065.00 from the Bond obligees; therefore, this Court finds that the net amount of the bonded payment obligations that Plaintiffs will incur after October 31, 2011 is $10,224,963.00 ($20,981,028.00.00 - $10,756,065.00).

7. Defendants are expressly, and presently, liable to Plaintiffs for $10,224,963.00 based upon their obligation to post collateral with Plaintiffs under the Indemnity Agreements.

**Accordingly, IT IS HEREBY ORDERED THAT:**

1. Plaintiffs are awarded the following damages against Defendants, jointly and severally:

   a. $2,743,417.88 for the net amount Plaintiffs have already incurred to resolve bonded obligations as of October 31; and

   b. $10,224,963.00 for the net amount of the bonded payment obligations that Plaintiffs will incur after October 31, 2011.

   c. Accordingly, Plaintiffs are awarded the Judgment against Defendants, jointly and severally, in the total amount of $12,968,380.88 ($2,743,417.88 + $10,224,963.00).

///

///

2. The total Judgment of $12,968,380.88 against Defendants jointly and severally, and in favor of Plaintiffs shall, accrue post-judgment interest pursuant to 28 U.S.C. § 1961.

**DATED** this 21st day of December, 2011.

_____
Gloria M. Navarro
United States District Judge

*Order Prepared By:*

WATT, TIEDER, HOFFAR
& FITZGERALD, L.L.P.

By _____
DAVID R. JOHNSON
djohnson@wthf.com
Nevada Bar No. 6696
JARED M. SECHRIST
jsechris@wthf.com
Nevada Bar No. 10439
3993 Howard Hughes Parkway,
Suite 400
Las Vegas, NV 89169
*Attorneys for Plaintiffs*

# PROOF OF SERVICE

I, Angie Oremus, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 2040 Main Street, Suite 300, Irvine, California 92614. On November 23, 2011, I served a copy of the within document(s):

### PROPOSED DEFAULT JUDGMENT

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Irvine, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed FEDERAL EXPRESS envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express service agent for OVERNIGHT delivery.

☐ by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

### *SEE ATTACHED SERVICE LIST*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on November 23, 2011, at Irvine, California.

*Angie Oremus*
Angie Oremus

---

PROOF OF SERVICE

WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
ATTORNEYS AT LAW

# Service List
*Liberty Mutual Insurance Company, et al. v. Adam R. Lewis, et al.*
United States District Court, District of Nevada
Case No. 2:11-cv-01274

Charles T. Wright, Esq.         Attorney for Defendants
Piet & Wright
3130 S. Rainbow Boulevard, Suite 304
Las Vegas, NV 89146

Dusty A. Lewis
12 Tanglewood Street
Uvalde, TX 78801-6501

Dusty A. Lewis
1350 Thom Street
Moapa, NV 89025

Adam R. Lewis
12 Tanglewood Street
Uvalde, TX 78801-6501

Adam R. Lewis
1350 Thom Street
Moapa, NV 89025

Adam Lewis Grading & Excavation
c/o Adam R. Lewis
12 Tanglewood Street
Uvalde, TX 78801-6501

Adam Lewis Grading & Excavation
1301 Thom Avenue
P.O. Box 428
Moapa, NV 89025

IRVINE 171725.1 103083.012

PROOF OF SERVICE

WATT, TIEDER, HOFFAR & FITZGERALD, L.L.P.
ATTORNEYS AT LAW